MARSHALL BRACE *vs.* ALLEN S. YALE.

Prescriptive rights possessed by the owner of a saw-mill to draw from his reservoir dam
down to his mill more or less than the natural flow of the mill stream as he has occasion,
are not forfeited as against the owners of the intermediate land over which the stream
passes, by his building a new mill in place of his old one, and putting in two new wheels
and other new machinery, including machinery for grinding fodder and making cider as
well as for sawing wood, although the effect of such alterations is oftentimes to diminish
the quantity of water which he has occasion to draw down from his reservoir dam, as
compared with the quantity which he had occasion to draw down previously, and by such
diminution the owners of the intermediate land are prevented from working their inter-
mediate mills in the manner in which they had been accustomed to do for more than
twenty years; and if one of these intermediate landowners, in order to continue to work
his intermediate mill in the manner in which he had been so accustomed, so manages his
intermediate dam as to interfere with those prescriptive rights, their possessor may main-
tain an action to recover damages for such interference.

TORT for interrupting the flow of water from the plaintiff's
reservoir on Marsh Brook in Stockbridge, to the plaintiff's mill
on the same stream, between October 9, 1863, and October 10,
1864. The parties to this action are the same as to the action
for similar obstructions prior to October 9, 1863, reported 10
Allen, 441.

At the trial of the present action in the superior court, before
*Rockwell*, J., the facts agreed in that case were admitted in evi-
dence, and it further appeared that since that case the plain-
tiff had made certain alterations in his mills, which are de-
scribed in the opinion of the court. The obstructions by the
defendant were also proved ; and the defendant offered evidence,
which is sufficiently stated in the opinion of the court, tending
to show that the diminution in the quantity of water drawn
from the plaintiff's reservoir at certain times, by reason of the
alterations in the plaintiff's mills, interfered with the running of
his intermediate mills as freely as they had been accustomed to
run for more than thirty years, and that the obstructions he had
made were for the purpose of enabling him to run his interme-
diate mills as freely as before.

On this evidence he asked the judge to instruct the jury that
the plaintiff was not within his prescriptive rights determined in

the case, 10 Allen, 441, and had no right to damages for obstructions made by the defendant for his own reasonable use of the stream as riparian proprietor, provided they were satisfied by the testimony that for more than twenty years before the alterations of the plaintiff's mills they were so worked that the defendant's mills above them could be worked freely also, and that an effect of those alterations was and is to prevent the working of the defendant's mills as theretofore. But the judge declined so to instruct them, and did instruct them that, upon the facts agreed in the previous action, it had been settled as matter of law that the plaintiff has right so to control the current of water between the dam at his mills and his reservoir dam above, as to gather in the reservoir a quantity of water which he can draw out at such times and in such quantities, until it is all exhausted, as may be convenient and necessary for operating the machinery at his mills; and he further instructed them that the defendant had a right to make a reasonable appropriation of the water as it flowed down from the reservoir through his land, having regard, however, to the reasonable exercise by the plaintiff of his determined prescriptive rights, but that the defendant could not lawfully hold back the water for the purpose of filling his own intermediate millpond, and then let it down upon the plaintiff's mills in such quantities that the plaintiff could not avail himself of it, and it ran to waste; and that the rights which the plaintiff had before his alterations are not affected by them. A verdict was found for the plaintiff, and the defendant alleged exceptions.

*H. W. Bishop & M. Wilcox,* for the defendant. The plaintiff had no prescriptive right to diminish the moving force of the stream so that the defendant could not work his mills. When he did so the defendant was remitted to his riparian rights. *Simpson* v. *Seavy,* 8 Greenl. 138. *Wentworth* v. *Poor,* 38 Maine, 243. Washburn on Easements, 284 *et seq.,* and cases cited. The plaintiff, by his alterations and by using the water for other purposes than for a saw-mill, abandoned his prescriptive rights. *Wentworth* v. *Poor, ubi supra.* Gen. Sts. *c.* 149, § 2.

*I. Sumner & J. E. Field,* for the plaintiff.

CHAPMAN, J.   The instructions given in this case were in substantial conformity with the decision in *Brace* v. *Yale*, 10 Allen 441, and are correct unless the facts offered in evidence by the defendant, as to the changes made by the plaintiff in the use of the water, have affected the rights of the parties.   These changes are in substance as follows :   The plaintiff's mill was, at the time of that decision, a saw-mill.   In 1863 and 1864 the plaintiff built a new mill in its place ; repaired the dam at his mill ; put in two new wheels, and machinery for sawing logs ; also machinery for grinding feed, for sawing lath, and for making cider, and a circular and an up-and-down saw for sawing logs. The defendant offered to show that the plaintiff's old mill and his own intermediate mill were made with reference to the power of the stream when permitted to flow from the reservoir dam ; and that, in using his new mill, the plaintiff sometimes uses much less water than he did before, and at other times much more water, and that this use of the water is an injury to the defendant in working his mill, which is situated between the plaintiff's mill and his reservoir dam.   He contends that the plaintiff had no prescriptive right thus to diminish or increase the volume or moving force of the stream, and that the effect of his conduct was to remit the defendant to his riparian rights, and justify him in obstructing the flow of the stream as he has done.   His method of using the water is to arrest it by means of a dam of considerable height until his pond is full, so that when the plaintiff opens the gate of his reservoir dam no water can come to his mill below till the defendant's pond is filled. The defendant's gate is placed at the bottom of his dam, and thus enables him to use the water till his pond is exhausted ; and as often as the reservoir gate is hoisted, it is detained in the same way to fill up his pond.   When he allows it to flow to the plaintiff's dam, he sends it in a greater quantity than the plaintiff can profitably use, so that a portion of it is lost to the plaintiff. This is substantially a repetition of the injury that was complained of in the former action.   In that case it was decided that the plaintiff's right was established by evidence that amounted to conclusive proof of a grant, and the character and

**extent** of the right are stated. As he was authorized to open his reservoir gate at any hour of the day, and use the water to saw a few logs, or even a single log, and then close the gate, or keep it open for as many hours or days in succession as he chose to work his mill, it is difficult to see how his use of the water for working his mill, within the capacity of his gateway, could be limited or regulated except by his own discretion. The change in his machinery was immaterial. *Cowell* v. *Thayer*, 5 Met. 253. But if he has exceeded his right by letting down either too large or too small a stream, no authority is cited to show that he thereby forfeited his right to such use of the water as he had already acquired. The authorities referred to in Washburn on Easements, 285, do not establish such a doctrine.

The case of *Allan* v. *Gomme*, 11 Ad. & El. 759, relates to the use of a way. It was there held that if one has a right of way appurtenant, and uses it for a purpose not authorized by his grant, he is subject to an action for the tort, but his right is not thereby affected. Applying this doctrine to the present case, if the plaintiff has violated the defendant's rights by using too large or too small a stream of water at any given time, he has not thereby forfeited his right to use a proper quantity, but has exposed himself to an action for damages, and perhaps the defendant may have specific relief in equity. Still the defendant has committed a tort in obstructing the whole flow of the stream for a time, and then letting it down in too great quantities, and proof that the plaintiff had done him a wrong cannot justify this tort. *Exceptions overruled.*